SUSAN I. MONTGOMERY (State Bar No. 120667)
1925 Century Park East, Suite 2000
Los Angeles, California 90067-2721
Telephone (310) 556-8900
Facsimile (310) 556-8905
susan@simontgomerylaw.com

SHIPMAN & GOODWIN LLP
JULIE A. MANNING, ESQ.
ERIC S. GOLDSTEIN, ESQ.
One Constitution Plaza
Hartford, Connecticut 06103-1919
Telephone (860) 251-5000
Facsimile (860) 251-5218

Attorneys for United HealthCare
Insurance Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>International Architectural Group, LLC<br><br>Debtor. | Case No. 2:11-bk-30486-RN<br><br>Chapter 7<br><br>**Supplemental Declaration of Paul Cirillo in Support of Motion for Relief from Stay**<br><br>**Date:** To be set by the Court<br>**Time:**<br>**Place:** Courtroom 1645 |

1910930v1

I, PAUL J. CIRILLO, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen. I am employed by United HealthCare Services, Inc. ("UHCS") as Director of Credit & Delinquency Management. UHCS is an affiliate of United HealthCare Insurance Company ("UHC").

2. I make this declaration based on my personal knowledge and my personal knowledge of UHCS's and UHC's books and records, and would competently testify thereof under oath if requested to do so.

3. I submit this supplemental declaration in support of UHC's Motion for Relief from the Automatic Stay filed concurrently herewith.

4. UHC and International Architectural Group, LLC a/k/a International Aluminum Corporation (the "Debtor") are parties to an Administrative Services Agreement with an effective date of January 1, 2009, as renewed from time to time, and identified as Contract No. 715369 (the "Health Plan ASA"). A true and accurate copy of the relevant portions of the Health Plan ASA is attached hereto as Exhibit 1. Under the Health Plan ASA, UHC renders certain administrative services in connection with the Debtor's self-insured health insurance plan through which the Debtor provides health insurance benefits to its eligible employees and their eligible dependents (the "Self-Insured Health Plan"). The administrative services UHC performs under the Health Plan ASA include the processing and paying of claims submitted by participants in the Debtor's Self-Funded Health Plan or the providers of health care services to such participants. In exchange for rendering such administrative services, the Debtor is to pay UHC a monthly administrative services fee and other related fees and charges.

5. In addition, UHC and the Debtors are parties to a certain Stop Loss Insurance Policy under Group No. GA-715369AL (the "Stop Loss Policy"). Under the Stop Loss Policy, UHC agrees to provide excess loss insurance for the Debtor's Self-Insured Health Plan when claims for either an individual participant or as an aggregate group exceed certain amounts. In exchange for providing such excess loss insurance, the Debtor pays UHC a monthly premium. A

true and accurate copy of the relevant portions of the Stop Loss Policy is attached hereto as Exhibit 2.

6. Further, UHC and the Debtor are also parties to a Flexible Spending Account Administrative Services Agreement under Contract No. 715377 ("FSA ASA"), which is Exhibit D to the Health Plan ASA. (See Exhibit 1 to the Supplemental Declaration.) Under the FSA ASA, UHC renders certain administrative services in connection with the Debtor's self-funded flexible spending plan (the "FSA Plan"). The administrative services UHC performs under the FSA ASA include the processing and paying of claims submitted by participants in the FSA Plan. In exchange for rendering such administrative services, the Debtor is to pay UHC a monthly administrative services fee and other related fees and charges.

### A.    The ASA Account

7. To enable UHC to process and pay claims under the Self-Insured Health Plan, Section 6.2 of the Health Plan ASA provides that UHC will open and maintain a bank account on behalf of the Debtor (the "Health Plan ASA Account") and that UHC will have access to that account to pay benefits under the Self-Insured Health Plan, as well as other expenses and fees under the ASA. The funds on deposit in the Health Plan ASA Account remain the funds of the Debtor.

8. Section 6.3 of the Health Plan ASA provides that the Debtor must maintain a minimum balance in the Health Plan ASA Account in an amount not less than the expected amount that would be withdrawn over six days to pay the Self-Insured Health Plan's benefits, fees, and expenses.

9. In addition to maintaining a minimum required balance, the Debtor is obligated under Section 6.7 of the Health Plan ASA to, at a minimum, deposit funds into the Health Plan ASA Account every business day to replenish the funds that have been withdrawn over the prior business day to pay the Self-Insured Health Plan's benefits, fees, and expenses.

10. Pursuant to Section 6.8 of the Health Plan ASA, if the Debtor fails to maintain the minimum required balance in the Health Plan ASA Account, UHC may, among other things, stop paying claims and suspend its performance of any other service under the Health Plan ASA. In

1 addition, Sections 6.8 and 8.1 of the Health Plan ASA provide that if this funding deficiency is not
2 cured, UHC may terminate the Health Plan ASA effective as of any date following one business
3 day after UHC provided notice of the funding deficiency.
4     11.    Like the Health Plan ASA, Section 2.4 of the FSA ASA provides that UHC will
5 open and maintain a bank account on behalf of the Debtor (the "FSA ASA Account" and together
6 with the Health Plan ASA Account, the "ASA Account") and that UHC will have access to that
7 account to pay benefits under the FSA Plan. Section 2.5 of the FSA ASA provides that the Debtor
8 must maintain a minimum balance in the FSA ASA Account in an amount not less than the
9 expected amount that would be withdrawn over five days to pay benefits under the FSA Plan.
10     12.    In addition to maintaining a minimum required balance, the Debtor is obligated
11 under Section 2.6 of the FSA ASA to, at a minimum, deposit funds into the FSA ASA Account
12 every five business days to replenish the funds that have been withdrawn over the prior five
13 business days to pay benefits under the FSA Plan.
14     13.    For all relevant time periods, the Debtor's minimum required balance in the ASA
15 Account is $47,500.
16     **B.    Fees under the ASAs and Premium Due under Stop Loss Policy**
17     14.    Section 5.1 of the Health Plan ASA provides that in exchange for rendering its
18 administrative services, the Debtor is to pay UHC a monthly administrative services fee ("Health
19 Plan ASA Fees"). Under Section 5.3 of the ASA, the ASA Fees are due in advance on the first
20 day of the next calendar month.
21     15.    Section 3 of the FSA ASA also required that the Debtor pay UHC monthly fees for
22 its services under that agreement ("FSA ASA Fees" and together with the Health Plan ASA Fees,
23 the "ASA Fees").
24     16.    Pursuant to Section 8.1 of the Health Plan ASA, UHC may terminate the Health
25 Plan ASA if the ASA Fees are not paid when due.
26     17.    Under the Stop Loss Policy, the Debtor pays UHC a monthly premium for the
27 excess loss insurance coverage provided thereunder, which is due on the first calendar day of the
28 month for which insurance coverage is to be provided.

4

### C. Failure to Fund ASA Account and Pay ASA Fees and Stop Loss Policy Premium

18.     The balance in the ASA Account, as of May 13, 2011, is overdrawn by $49,009.66; that is, UHC has paid for more than $49,009.66 in claims under the Debtor's Self-Insured Health Plan and FSA ASA Plan without the Debtor providing any funding for such claims as it is required to do under Section 6 of the Health Plan ASA and Section 2.6 of the FSA ASA.

19.     While UHC has suspended processing and paying additional claims pursuant to Section 6.8 of the Health Plan ASA, the following types of claims are still paid out of the ASA Account notwithstanding the suspension of services: (i) claims that were being processed when the suspension of services was put into place; (ii) claims for which checks were issued prior to the suspension of services but that have not yet been cashed; and (iii) claims for prescription drug benefits. Accordingly, each day that goes by the ASA Account gets further overdrawn.

20.     In addition to not properly funding the ASA Account, the Debtor has failed to pay UHC in full the ASA Fees and premium under the Stop Loss Policy due for the post-petition period of May 2011.

### D. The Chapter 7 Petition and Continuing Failure to Perform under the ASA

21.     On May 11, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

22.     David A. Gill has been appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Trustee").

23.     To date, the Trustee has not moved for authority to operate the Debtor's business under Section 721 of the Bankruptcy Code.

24.     As described above, the Debtor since the Petition Date has failed to fund the ASA Account as required under Section 6 of the Health Plan ASA and Section 2.6 of the FSA ASA, and has not paid any post-petition ASA Fees. In particular, the Debtor owes UHC an amount no

1910930v1

1 | less than $45,180[1] in ASA Fees and premiums under the Stop Loss Policy for the post-petition
2 | period of May 2011. A copy of the May 2011 invoice is attached hereto as <u>Exhibit 3</u>.
3 |     25.    Because there is no reasonably likelihood of being reimbursed the amounts
4 | withdrawn from the ASA Account and certain claims are still being paid out of the ASA Account,
5 | UHC is being significantly prejudiced each day it cannot terminate these agreements.

*[signature on following page]*

---

[1] This is the pro-rata amount of fees/premium due for May 12, 2011 through May 31, 2011.

6

1910930v1

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 13th day of May, 2011 at Hartford, Connecticut.

_____
PAUL J. CIRILLO

1910930v1

| In re: International Architectural Group, LLC., Debtor(s). | CHAPTER 7<br>CASE NUMBER 2:11-bk-30486-RN |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1925 Century Park East, Suite 2000, Los Angeles, California 90067

The foregoing document described as **SUPPLEMENTAL DECLARATION OF PAUL CIRILLO IN SUPPORT OF MOTION FOR RELIEF FROM STAY; EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 13, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- David A Gill (TR)    mlr@dgdk.com, dgill@ecf.epiqsystems.com
- Eric D Goldberg    egoldberg@stutman.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On May 13, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Richard Neiter    [via Overnight Mail]
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1652.
Los Angeles, CA 90012

International Architectural Group, LLC.    [via U.S. Mail]
767 Monterey Pass Rd.
Monterey Park, CA 91754

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| MAY 13, 2011 | JENNIFER A. MONTGOMERY | /s/ Jennifer A. Montgomery |
|---|---|---|
| *Date* | *Type Name* | *Signature* |