Gregory A. Bray (SBN 115367)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Matthew S. Barr (*pro hac vice* application pending)
Samuel A. Khalil (*pro hac vice* application pending)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Canadian Imperial Bank of Commerce,
New York Agency, as the Administrative Agent

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| INTERNATIONAL ARCHITECTURAL GROUP, LLC, et al.,[1] | Case No.   2:11-bk-30486-RN |
| | (Joint Administration Requested) |
| Debtors. | **LIMITED OBJECTION TO TRUSTEE'S CASH COLLATERAL MOTION** |
| | Interim Hearing |
| | Date: May 26, 2011
Time: 10:30 a.m.
Place: Courtroom #1645
     16th Floor
     255 East Temple Street
     Los Angeles, CA 90012 |

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, if available, are as follows: International Architectural Group LLC (6017); United States Aluminum of Canada Limited (none); International Architectural Products Inc. (6269); and International Management Services Group, Inc. (5662). The Debtors' headquarters is located at 767 Monterey Pass Road, Monterey Park, California 91754.

## I. INTRODUCTION

Canadian Imperial Bank of Commerce, New York Agency, in its capacity as administrative agent (the "Agent") under that certain credit agreement dated May 21, 2010 (as may be amended, restated, modified or supplemented from time to time, the "Credit Agreement"),[2] among International Architectural Products, Inc., as Borrower, International Architectural Group LLC ("IAG"), as Holdings, and the lenders from time to time parties thereto (together with the Agent, the "Secured Parties"), hereby submits this limited objection (the "Limited Objection") to the Trustee's motion for entry of interim and final orders authorizing the Trustee to use cash collateral, to obtain postpetition financing and granting related relief (the "Motion") [Docket No. 24].[3]

The Agent recognizes the Trustee's obvious need to use cash collateral of the Secured Parties to enable the Trustee to preserve estate assets -- a substantial portion of which constitute collateral of the Secured Parties -- and to avoid immediate and irreparable harm.[4] Such recognition is evident from the Secured Parties' postpetition advance of $250,000 to the Trustee and authorization for the Trustee's use of up to $100,000 of such funds for his immediate need to arrange for security for the premises and the collection of accounts receivable.[5]

However, as noted by the Trustee, a budget governing the use of cash collateral has yet to be completed. Moreover, the preliminary budget filed by the Trustee in connection with the Motion was prepared without the input of a liquidating agent that the Trustee intends to retain to implement the liquidation of the Debtors' assets or the Agent.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Credit Agreement or Motion.

[3] The undersigned counsel is counsel solely to Canadian Imperial Bank of Commerce, New York Agency, in its capacity as the Agent, and does not represent the Lenders, as referenced by the Trustee in the Motion and certain other court filings.

[4] Contemporaneously with this Limited Objection, the Agent has filed with the Court the Declaration of E. Lindsay Gordon, which describes the Secured Parties' first priority security interests in substantially all of the assets of the Obligors, including the cash collateral the Trustee seeks to use pursuant to the Motion, and such declaration and the loan and other documents filed in connection therewith are incorporated herein by reference.

[5] The Trustee has agreed to hold such funds in trust for the benefit of the Secured Parties and to seek authorization from the Secured Parties prior to accessing such funds. The Trustee has also agreed, among other protections, that such funds shall be added to the secured claims of the Secured Parties to the extent used by the Trustee.

Accordingly, until this process is complete, the Agent is unable to consent to the use of cash collateral by the Trustee for the full thirty-day period requested in the Motion. Instead, the Agent has agreed to consent, subject to the entry of an order satisfactory to the Agent, to the reasonable use of cash collateral by the Trustee in accordance with the Interim Budget (as defined below) until a final hearing on the Motion is held, at which time the parties expect to file with the court a revised budget. The Agent's consent to any additional use of cash collateral (or any other collateral) remains conditioned upon the completion of a budget satisfactory to the Agent and other Secured Parties.

In addition to the budget, the Agent is working with the Trustee to ensure that the proposed order granting the relief requested in the Motion provides more appropriate protection for the Secured Parties' interests in the collateral, which at this time are not adequately protected in respect of the proposed use of cash collateral.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

## III.    BRIEF PROCEDURAL HISTORY

On May 11, 2011 (the "Petition Date"), IAG and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. David A. Gill has been appointed as interim chapter 7 trustee of the Debtors' estates (the "Trustee"). On May 20, 2011, the Trustee filed the Motion, requesting a hearing for May 26, 2011 to consider approval of the Motion on an interim basis and setting an objection deadline of May 25, 2011.

The Trustee's request for the use of cash collateral on an interim basis from May 11, 2011 through June 10, 2011 is subject to the budget covering such period (the "Interim Budget"), which Interim Budget is attached as Exhibit A to the Trustee's declaration filed in support of emergency motions (the "Declaration") [Docket No. 19].

As noted in the Motion, the Interim Budget is incomplete and is still being discussed by the parties. The Agent is working with its advisors, the Trustee and the Trustee's advisors, including the proposed liquidating agent, to finalize the Interim Budget and expects this process

to be completed in the near term, and in any event, before a final order is entered approving the Motion.

## IV.    LIMITED OBJECTION

Bankruptcy Code section 363(c)(2) provides that the trustee "may not use, sell, or lease cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents; or the court, after notice and a hearing, authorizes such use sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c). Here, the Agent is unable to consent to any extended use of cash collateral (or any other collateral of the Secured Parties) until a budget governing such use satisfactory to the Secured Parties has been completed. For that reason, subject to the entry of an order satisfactory to the Agent, the Agent only consents to the reasonable use of cash collateral by the Trustee in accordance with the Interim Budget until a final hearing on the Motion is held, at which time the parties expect to file with the court a revised budget. The Agent's consent to any additional use of cash collateral (or any other collateral) remains conditioned upon the completion of a budget satisfactory to the Agent and other Secured Parties.

In addition, the Trustee, on behalf of the Debtors, is required to provide adequate protection to the Secured Parties to protect against any diminution in value of their collateral. See 11 U.S.C. § 363(e). At this point (and understandably so), the Trustee has yet to provide any evidence concerning the value of the adequate protection identified in the Motion, including the granting of replacement liens on existing collateral, or the ability of the proposed replacement liens or superpriority administrative claims to compensate the Secured Parties for the decline in the value of their collateral that would result from the use of such collateral. Moreover, until the integrated liquidation plan currently being developed by the liquidation agent and the parties becomes more defined, it is unclear whether the Trustee's anticipated preservation and liquidation efforts will adequately preserve the Secured Parties' collateral.

Given these circumstances, it is unclear whether the Secured Parties' interests in their collateral are in fact adequately protected. As noted above, the Agent and its advisors are currently working with the Trustee and its advisors on a proposed form of order granting the

Motion, which the Agent hopes will address the concerns the Secured Parties have regarding the use of collateral in these cases.

## V. RESERVATION OF RIGHTS

Until the Interim Budget is completed, the Agent is unable to determine whether much of the relief requested in the Motion, including with respect to the terms and duration of the retention of former employees and other parties by the Trustee, as well as the payment of rent and certain other expenses, is appropriate. As a result, the Agent, on behalf of itself and the other Secured parties, must reserve its rights to object to the relief requested in the Motion as well as the other emergency motions filed by the Trustee. In the interim, the Agent will continue working with the Trustee to address and resolve any outstanding issues and concerns.[6]

[Remainder of Page Intentionally Left Blank]

---

[6] In light of the emergency nature of the chapter 7 filings, the Trustee has admittedly included information in the Declaration that "may not be entirely accurate." Declaration at 2. The Agent believes there are a number of inadvertent factual inaccuracies set forth in the Declaration affecting the Secured Parties, including, without limitation, with respect to the amount of the Secured Parties' claims and the description and value of certain of the Secured Parties' collateral as well as the Trustee's statement that the lenders have consented to use of $1 million of cash collateral in connection with the liquidation, which is not the case. The Agent will work with the Trustee to resolve these issues, and, until such issues are resolved, the Agent, on behalf of the other Secured Parties, reserves all of its rights regarding the information set forth in the Declaration affecting the Secured Parties.

1 | Dated: May 25, 2011 | **MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**

2

3 | By: /s/ Gregory A. Bray
Gregory A. Bray (SBN 115367)
4 | Matthew S. Barr (*pro hac vice* application pending)
5 | Samuel A. Khalil (*pro hac vice* application pending)
6

7 | Attorneys for Canadian Imperial Bank of Commerce, New York Agency, as Administrative Agent

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Milbank, Tweed, Hadley & McCloy LLP**
**601 South Figueroa St, 30th Floor**
**Los Angeles, CA 90017-5735**

A true and correct copy of the foregoing document described as **LIMITED OBJECTION TO TRUSTEE'S CASH COLLATERAL MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 25, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
dbrown@milbank.com, mlr@dgdk.com, dgill@ecf.epiqsystems.com, egoldberg@stutman.com, susan@simontgomerylaw.com, crivas@reedsmith.com, sschwartz@dgdk.com, ustpregion16.la.ecf@usdoj.gov, avaldez@fulbright.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **May 25, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *Date* **May 25, 2011** | *Type Name* **Benjamin Harris** | *Signature* */s/ Benjamin Harris* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                      **F 9013-3.1.PROOF.SERVICE**

**VIA U.S. MAIL:**
International Architectural Group, LLC
767 Monterey Pass Road
Monterey Park, CA 91754

United States Trustee's Office
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **F 9013-3.1.PROOF.SERVICE**