```
 1  RICHARD K. DIAMOND (State Bar No. 070634)
    rdiamond@dgdk.com
 2  STEVEN J. SCHWARTZ (State Bar No. 200586)
    sschwartz@dgdk.com
 3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
    2029 Century Park East, Third Floor
 4  Los Angeles, California 90067-2904
    Telephone: (310) 277-0077
 5  Facsimile:  (310) 277-5735

 6  [Proposed] Attorneys for David A. Gill,
    Chapter 7 Trustee
 7
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>INTERNATIONAL ARCHITECTURAL GROUP, LLC,<br><br>Debtor.<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtor(s): | Case No. 2:11-bk-30486-RN<br>Case No. 2:11-bk-30496-RN<br>Case No. 2:11-bk-30504-RN<br>Case No. 2:11-bk-30507-RN<br><br>Chapter 7<br><br>Jointly Administered Cases<br><br>**TRUSTEE'S EMERGENCY MOTION TO AMEND ORDER ENTERED ON JULY 15, 2011 [DOCKET ENTRY NO. 91] (A) APPROVING PROCEDURES FOR SALE OF ESTATE PROPERTY; (B) APPROVING THE TERMS OF EMPLOYMENT OF THE AUCTIONEER/SALES AGENT; (C) SCHEDULING AN AUCTION FOR THE SALE; (D) AUTHORIZING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS WITHOUT FURTHER HEARING; AND (E) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID A GILL**<br><br>Hearing:<br>Date:   TO BE SET<br>Time:   TO BE SET<br>Ctrm:   1645<br>          255 E. Temple St.<br>          Los Angeles, CA 90012 |

- 1 -

371188.01 [XP]    1130496A

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, should the Court so require, on such date and time as to be provided upon further notice, David A. Gill, Chapter 7 Trustee ("Trustee") of the above jointly administered chapter 7 estates of <u>International Architectural Group, LLC</u> (2:11-bk-30486-RN)("IAG"), <u>International Architectural Products, Inc.</u> (2:11-bk-30496-RN)("IAP"), <u>International Management Services Group, Inc.</u> (2:11-bk-30504-RN)("ISMG") and <u>United States Aluminum of Canada</u> (2:11-bk-30507-RN)("USAC") (collectively, the "Debtors"), will and hereby does move the court (the "Motion") pursuant to sections 105 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1530, as amended (the "Bankruptcy Code"), Rules 6004, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule," and collectively, the "Bankruptcy Rules"), and Local Bankruptcy Rules 6004-1 and 9021-1(e), for amendment of the Order entered on July 15, 2011 (D.E. 91) approving certain procedures to conduct a sale via public auction of substantially all of the assets of the Debtors (the "Assets"), and for approval of the sale of the Assets to the highest and best bidder(s) that comply with the applicable procedures (the "Sale Procedures Order").

Specifically, the Trustee requests that, in addition to the relief in the Sale Procedures Order, that the Court authorize, but not require, the Trustee to return to Court after the conclusion of the auction, with a motion to confirm the sale or sales to the highest and best bidder(s) (the "Motion to Confirm") on shortened time and notice, should the Trustee deem it necessary to obtain entry of an Order confirming specific sale(s) or should any buyer so require. More specifically, the Trustee requests that the Court (1) authorize the Trustee to file and serve a Motion to Confirm sales if he deems it appropriate, on not less than seven days' notice to all parties entitled to notice pursuant to the Court's Order Limiting Notice, including but not limited to the secured creditors and those directly affected by the requested relief; (2) direct the clerk of the court to set a hearing on said Motion to Confirm for <u>June 29, 2011 at 2:00 p.m.</u> or such other date and time that is convenient for the Court; and (3) to allow any party who wishes to file a response to the Motion to Confirm to do so by no later than one day prior to the hearing.

- 2 -

1    **PLEASE TAKE FURTHER NOTICE** that the proposed Amended Sale Procedures Order
2    reflecting the changes suggested herein, is attached hereto, marked as Exhibit "A" and incorporated
3    herein by reference.

4    **NOTICE IS HEREBY FURTHER GIVEN** that pursuant to Local Bankruptcy Rules
5    6004-1(b), 9013-1 and 9075-1, any parties seeking to object to the relief sought must, <u>not later than
6    1 day before the hearing date</u>, file a response with the Clerk of the Bankruptcy Court, 255 E.
7    Temple Street, Los Angeles, California. Papers filed in opposition to the motion must be served by
8    personal delivery, messenger, fax or email. A judge's copy of the opposition must be served on the
9    judge in chambers in accordance with LBR 5005-2(d).

10

11   Dated: June 17, 2011                          DANNING, GILL, DIAMOND & KOLLITZ, LLP

12

13                                                 By: _____
14                                                     STEVEN J. SCHWARTZ
                                                       Attorneys for David A. Gill, Chapter 7
15                                                     Trustee

- 3 -

371188.01 [XP]                                                                              1130496A

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

1. The bankruptcy cases of International Architectural Group, LLC (2:11-bk-30486-RN)("IAG"), International Architectural Products, Inc. (2:11-bk-30496-RN)("IAP"), International Management Services Group, Inc. (2:11-bk-30504-RN)("ISMG") and United States Aluminum of Canada (2:11-bk-30507-RN)("USAC") (collectively, the "Cases") were commenced on May 11, 2011 (the "Petition Date") when four affiliated companies (the "Debtors") filed voluntary Chapter 7 petitions in the United States Bankruptcy Court for the Central District of California. On the Petition Date, David A. Gill (the "Trustee") was appointed as the Interim Trustee of the Cases. The Cases were filed on an emergency basis and as of this time no bankruptcy schedules or statements of financial affairs have been filed.

2. On or about June 2, 2011, the Trustee filed his Notice Of Motion And Trustee's Motion For The Entry Of An Order (A) Approving Procedures For Sale Of Estate Property; (B) Approving The Terms Of Employment Of The Auctioneer/Sales Agent; (C) Scheduling An Auction For The Sale; (D) Authorizing The Sale Free And Clear Of Liens, Claims, Encumbrances And Interests Without Further Hearing; And (E) Granting Related Relief (the "Sale Procedures Motion").

3. On or before June 3, 2011, the Trustee served a Notice of the Sale Procedures Motion (the "Notice of Motion") via regular mail by June 3, 2011 on all creditors, and on secured creditors, prospective bidders and interested parties and the United States Trustee via e-mail (if they consented to ECF service), facsimile and/or overnight mail.

4. With respect to future hearings or notice, the Notice of Motion stated as follows: "No further hearing or order of Court shall be required to conclude a sale to the high bidder for a lot or lots or for the sale of the assets in bulk; however the Trustee reserves the right to seek such an order if he deems it to be necessary. No additional notice will be sent to creditors of entry of an order approving the Motion or otherwise, other than those parties who request special notice pursuant to the procedures set forth in the Order Limiting Notice served concurrently herewith. A

371188.01 [XP]                                                                                                                                1130496A

1  Report of Sale as required by FRBP 6004(f)(1) will be filed and served not later than 21 days after
2  the date of the sale, or sales."

3      5.    On June 7, 2011 at 2:00 p.m. the Court held a hearing on the Sale Procedures
4  Motion, at which the Court granted the motion in its entirety. An Order approving the Sale
5  Procedures Motion was entered on July 15, 2011.

6      6.    The Trustee, through its Sales Agent, has received numerous bids for the estate
7  assets. At least one of the bidders has made its bid contingent upon receipt of an order confirming
8  the sale to that bidder, free and clear of liens and with good faith findings pursuant to 11 U.S.C.
9  § 363(m).

## II.

## ARGUMENT

### A. Cause Exists to Amend the Sale Procedures Order to include Procedures for a Sale Hearing if Necessary.

Local Bankruptcy Rule 6004-1(b)(5) provides that a date and time for a hearing on the motion to approve the sale itself may be obtained at or prior to the hearing on the Sale Procedure Motion. The recent amendments to the Local Bankruptcy Rules appear to require that rather than the proposed auction, where overbids are anticipated, the trustee must, *unless excused*, hold a sale hearing in court to sell these assets. See Local Bankruptcy Rule 6004(c)(1).

The Sale Procedures Order authorized the Trustee to conduct an out of court auction on June 21, 2011 at 11:00 a.m. at the Hotel Intercontinental in Los Angeles, California. To the extent an order confirming the sale is requested by any buyer at that Auction, the Trustee should have the ability to seek and obtain an order confirming the sale on limited notice. In fact, the Notice of Motion advised all creditors that the Trustee may seek an order confirming the sale if he deems necessary, without further notice to creditors other than those set forth in the Order Limiting Notice. The Sale Procedure Order did not specifically reserve the Trustee's right to do so, inadvertently omitting said relief. See, Local Bankruptcy Rule 9021-(e) ("If an error or omission in the form of an entered or lodged order is discovered, a party in interest may request amendment or correction of the order by filing and serving a motion under LBR 9013-1(a) or LBR 9013-1(o).")

A copy of the proposed amended Sale Procedures Order is attached hereto, marked as Exhibit "A." Notwithstanding any hearing on a Motion to Confirm, the Trustee shall still file and serve a Report of Sale required by FRBP 6004(f)(1) and Local Bankruptcy Rule 6007-1(g) not later than 21 days after the date of each sale.

### III.

### CONCLUSION

Wherefore, the Trustee respectfully requests:

1.  that the Court enter the Amended Sale Procedures Order (the "Amended Order") in substantially the form of the order attached hereto, marked as Exhibit "A"

2.  that the Court approve the proposed amendments to the Amended Order, which are as follows: (1) The Trustee authorized to file and serve a Motion to Confirm on not less than seven days' notice to all parties entitled to notice pursuant to the Court's Order Limiting Notice, (2) the Clerk of the Court is directed to set a hearing on said Motion to Confirm for June 29, 2011 at 2:00 p.m. or such other date and time that is convenient for the Court, and (3) any party who wishes to file a response to the Motion to Confirm to do so by no later than one day prior to the hearing.

3.  that the Amended Order replace the Sale Procedures Order but that the Amended Order be deemed effective as of the date of entry of the original Order (July 15, 2011); and

4.  granting such other relief as is fair and equitable.

Dated: June 17, 2011

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
STEVEN J. SCHWARTZ
Attorneys for David A. Gill, Chapter 7 Trustee

## DECLARATION OF DAVID A. GILL

I, David A. Gill, declare and state as follows:

1.  I am the duly appointed, qualified and acting Interim Trustee in the bankruptcy cases of <u>International Architectural Group, LLC</u> (2:11-bk-30486-RN)("IAG"), <u>International Architectural Products, Inc.</u> (2:11-bk-30496-RN)("IAP"), <u>International Management Services Group, Inc.</u> (2:11-bk-30504-RN)("ISMG") and <u>United States Aluminum of Canada</u> (2:11-bk-30507-RN)("USAC") (collectively, the "Cases"). I am familiar with the contents of the Motion with which this filed, and the matters contained herein. I could competently and would so testify if sworn.

2.  The Cases were commenced on May 11, 2011 (the "filing date") when four affiliated companies (the "Debtors") filed voluntary Chapter 7 petitions in the United States Bankruptcy Court for the Central District of California. On the filing date I was appointed as the Interim Trustee of the Cases. The Cases were filed on an emergency basis and as of this time no bankruptcy schedules or statements of financial affairs have been filed.

3.  On or about June 2, 2011, I caused to be filed my Notice Of Motion And Trustee's Motion For The Entry Of An Order (A) Approving Procedures For Sale Of Estate Property; (B) Approving The Terms Of Employment Of The Auctioneer/Sales Agent; (C) Scheduling An Auction For The Sale; (D) Authorizing The Sale Free And Clear Of Liens, Claims, Encumbrances And Interests Without Further Hearing; And (E) Granting Related Relief (the "Sale Procedures Motion").

4.  On or before June 3, 2011, I caused to be served a Notice of the Sale Procedures Motion (the "Notice of Motion") via regular mail by June 3, 2011 on all creditors, and on secured creditors, prospective bidders and interested parties and the United States Trustee via e-mail (if they consented to ECF service), facsimile and/or overnight mail.

5.  With respect to future hearings or notice, the Notice of Motion stated as follows: "No further hearing or order of Court shall be required to conclude a sale to the high bidder for a lot or lots or for the sale of the assets in bulk; however the Trustee reserves the right to seek such an order if he deems it to be necessary. No additional notice will be sent to creditors of entry of an

-7-

order approving the Motion or otherwise, other than those parties who request special notice pursuant to the procedures set forth in the Order Limiting Notice served concurrently herewith. A Report of Sale as required by FRBP 6004(f)(1) will be filed and served not later than 21 days after the date of the sale, or sales."

6. On June 7, 2011 at 2:00 p.m. the Court held a hearing on the Sale Procedures Motion, at which the Court granted the motion in its entirety. An Order approving the Sale Procedures Motion was entered on July 15, 2011.

7. Through my Sales Agent, I have received several bids for the estate assets. At least one of the bidders has made its bid contingent upon receipt of an order confirming the sale to that bidder, free and clear of liens and with good faith findings pursuant to 11 U.S.C. § 363(m).

8. The Sale Procedures Order authorized me to conduct an out of court auction on June 21, 2011 at 11:00 a.m. at the Hotel Intercontinental in Los Angeles, California. To the extent an order confirming the sale is requested by any buyer at that Auction, I should have the ability to seek and obtain an order confirming the sale on limited notice. Indeed, the Notice of Motion advised all creditors that I may seek an order confirming the sale if I deem necessary, without further notice to creditors other than those set forth in the Order Limiting Notice. That the Sale Procedure Order did not specifically reserve my right to do so was an inadvertent omission, which I now seek to rectify by creating a procedure for expedited consideration of such an order if proposed.

///
///
///
///
///
///
///
///
///

371188.01 [XP]    1130496A

1      9.     A copy of the proposed amended Sale Procedures Order is attached hereto, marked as Exhibit "A." Notwithstanding any hearing on a Motion to Confirm, I shall still file and serve a Report of Sale required by FRBP 6004(f)(1) and Local Bankruptcy Rule 6007-1(g) not later than 21 days after the date of each sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 17 2011, at Los Angeles, California.

_____
DAVID A. GILL

-9-

371188.01 [XP]           1130496A

# EXHIBIT "A"

.1 [XP] 0705

```
 1  RICHARD K. DIAMOND (State Bar No. 070634)
    rdiamond@dgdk.com
 2  STEVEN J. SCHWARTZ (State Bar No. 200586)
    sschwartz@dgdk.com
 3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
    2029 Century Park East, Third Floor
 4  Los Angeles, California 90067-2904
    Telephone: (310) 277-0077
 5  Facsimile: (310) 277-5735

 6  [Proposed] Attorneys for David A. Gill,
    Chapter 7 Trustee
 7
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | ) Case No. 2:11-bk-30486-RN |
|---|---|
| INTERNATIONAL ARCHITECTURAL GROUP, LLC, | ) Case No. 2:11-bk-30496-RN<br>) Case No. 2:11-bk-30504-RN<br>) Case No. 2:11-bk-30507-RN |
| Debtor. | ) Chapter 7 |
| | ) Jointly Administered Cases |
| ☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | ) **AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (A) APPROVING PROCEDURES FOR SALE OF ESTATE PROPERTY; (B) APPROVING THE TERMS OF EMPLOYMENT OF THE AUCTIONEER/SALES AGENT; (C) SCHEDULING AN AUCTION FOR THE SALE; (D) AUTHORIZING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS WITHOUT FURTHER HEARING**<br>Hearing:<br>Date: June 7, 2011<br>Time: 2:00 p.m.<br>Ctrm: 1645<br>    255 E. Temple St.<br>    Los Angeles, CA 90012<br>Proposed Auction:<br>Date: June 21, 2011<br>Time: 11:00 a.m.<br>Place: Intercontinental Hotel<br>    2151 Avenue of the Stars<br>    Los Angeles, California 90067 |

-1-

371202.01 [XP]    1130496A

00010

There came on duly to be heard before the undersigned bankruptcy judge in his courtroom on June 7, 2011, the Trustee's Motion For The Entry Of An Order (A) Approving Procedures For Sale Of Estate Property; (B) Approving The Terms Of Employment Of The Auctioneer/Sales Agent; (C) Scheduling An Auction For The Sale; (D) Authorizing The Sale Free And Clear Of Liens, Claims, Encumbrances And Interests Without Further Hearing; And (E) Granting Related Relief; Memorandum Of Points And Authorities; Declaration Of David A Gill; Declarations Of Auctioneers/Sales Agents Re Disinterestedness (the "Sale Motion"). Appearances were as noted on the record. The Court has considered the Sale Motion and its supporting Declarations and Exhibits. It appears that the form and manner of service was appropriate.

IT IS ORDERED:

1. The Proposed Bidding and Sales Procedures set forth in Exhibit "A" to the Declaration of David A. Gill filed in support of the Sale Motion (the "Trustee's Declaration") are approved;

2. The employment of Hilco Industrial, LLC, Hilco Real Estate LLC and Counsel RB Capital LLC (collectively, "the Sales Agent") on the terms set forth in Exhibit "B" to the Trustee's Declaration, are approved;

3. The Court approves the conduct of an auction sale of property of the above-captioned estates by the Sales Agent, on June 21, 2011 at 11:00 a.m., to take place at the Intercontinental Hotel, 2151 Avenue of the Stars, Los Angeles, California 90067 (the "Auction") or such other date(s), time(s) and place(s) as may be announced at said Auction or as to which advance notice is given to those entitled thereto;

4. The auction sale shall be as is and where is, with no representations or warrantees, free and clear of all liens, claims, interests and encumbrances, pursuant to sections 105 and 363(b),(f),(h) and (m) of the Bankruptcy Code without further hearing;

5. After the conclusion of the auction, the Trustee authorized, but is not required, to file and serve a motion to confirm the sale or sales to the highest and best bidder(s) (the "Motion to Confirm") on not less than seven days' notice to all parties entitled to notice pursuant to the Court's Order Limiting Notice.

2

00011

371202.01 [XP]    1130496A

6. Upon filing of the Motion to Confirm, the Clerk of the Court is directed to set a hearing on said Motion to Confirm for June 29, 2011 at 2:00 p.m. or such other date and time that is convenient for the Court.

7. Any party who wishes to file a response to the Motion to Confirm may do so by no later than one day prior to the hearing.

8. To the extent that the sales procedures approved herein may be inconsistent with the provisions of Local Rule 6004-1(c) and (d), the Court has the power to and does hereby supersede the same;

9. The Court approves the form of the notice of the Auction and Sale, and the manner of service of same. Without limitation, the notice shall include the following: (a) service of the Sale Motion already accomplished via regular mail by June 3, 2011 on all creditors, (b) service of the Sale Motion on the secured creditors, the twenty largest unsecured creditors, the landlords, the prospective bidders and interested parties and the United States Trustee by e-mail (for those who have consented to NEF service), facsimile and/or overnight mail, which has already been accomplished on June 3, 2011, and (c) advertising the auction date and time in the Wall Street Journal, National and on-line editions and/or such other publications and internet sites as the Auctioneer/Sales Agent deems necessary or appropriate, including but not limited to the website of Danning, Gill, Diamond & Kollitz, LLP and the Clerk of this Court;

10. The Trustee is authorized to abandon such Assets as are not sold at the Auction and which the Trustee determines, in his business judgment, are burdensome and of inconsequential value or benefit to the estates, by serving notice of abandonment upon the secured creditors, parties requesting special notice, the United States Trustee, and the landlord for each location in which Assets are to be abandoned;

11. Notwithstanding anything herein to the contrary, nothing in this order shall: (a) release any person or entity from any claim by any applicable landlord for damages caused by or in connection with the purchase or removal of the Debtors' property from the landlords' premises, nor shall anything with this Order create or establish any such claim; (b) entitle the Trustee to sell any property that is not property of the Debtors; or (c) release, to the extent, if any,

3

1 | otherwise in existence, any claims against the Trustee, the Debtors' estates, or the lenders or any
2 | other person or entity based on or related to any property of the Debtors abandoned pursuant to this
3 | Order.

###

371202.01 [XP]    1130496A

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2029 Century Park East, Third Floor
Los Angeles, California 90067-2904

A true and correct copy of the foregoing document described as **TRUSTEE'S EMERGENCY MOTION TO AMEND ORDER ENTERED ON JULY 15, 2011 [DOCKET ENTRY NO. 91] (A) APPROVING PROCEDURES FOR SALE OF ESTATE PROPERTY; (B) APPROVING THE TERMS OF EMPLOYMENT OF THE AUCTIONEER/SALES AGENT; (C) SCHEDULING AN AUCTION FOR THE SALE; (D) AUTHORIZING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS WITHOUT FURTHER HEARING; AND (E) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID A GILL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 17, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On **June 17, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 17, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Served By Personal Delivery (on June 20, 2011)

Hon. Richard M. Neiter, U.S. Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012 (bin outside of Ste. 1652)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/17/2011 | Cindy M. Cripe | /s/ Cindy M. Cripe |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                         **F 9013-3.1.PROOF.SERVICE**
371188.01 [XP]    1130496A

**ADDITIONAL SERVICE INFORMATION (if needed):**

I. <u>**BY NOTICE OF ELECTRONIC FILING ("NEF")**</u>

Erin N Brady    enbrady@jonesday.com

Deana M Brown    dbrown@milbank.com

Richard K Diamond    rdiamond@dgdk.com

John P Dillman    houston_bankruptcy@publicans.com

Robert K Edmunds    robert.edmunds@bipc.com, timothy.palmer@bipc.com;karolin.sickles@bipc.com

David A Gill (TR)    mlr@dgdk.com, dgill@ecf.epiqsystems.com

Eric D Goldberg    egoldberg@stutman.com

Jay W Hurst    jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us

Robert B Kaplan    rbk@jmbm.com

Jordan D Mazur    bankruptcycourtnotices@unioncounsel.net

Robert D Nachman    robert.nachman@bfkn.com

Shai S Oved    ssoesq@aol.com

Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas    crivas@reedsmith.com

Steven J Schwartz    sschwartz@dgdk.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Andrea M Valdez    avaldez@fulbright.com

Richard J Wallace    richard.wallace@solidcounsel.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**
371188.01 [XP]    1130496A