Marsha A. Houston (CA SBN 129956)
Christopher O. Rivas (CA SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000 / Fax: (213) 457-8080
Email: mhouston@reedsmith.com
crivas@reedsmith.com

Alan J. Lipkin, Esq.
Andrew E. Schwartz, Esq.
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000 / Fax: (212) 728-8111
Email: alipkin@willkie.com
aschwartz@willkie.com

Attorneys for ALUM (ALBERTA) ULC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>INTERNATIONAL ARCHITECTURAL GROUP, LLC,<br><br>Debtor.<br><br>☒ Affects all Debtors<br>☐ Affects the following Debtors: | Case No. 2:11-bk-30486-RN<br>Case No. 2:11-bk-30496-RN<br>Case No. 2:11-bk-30504-RN<br>Case No. 2:11-bk-30507-RN<br><br>Chapter 7<br><br>Jointly Administered Cases<br><br>**LIMITED OBJECTION OF ALUM (ALBERTA) ULC TO TRUSTEE'S MOTION TO CONFIRM SALE OF CERTAIN PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS OR INTERESTS**<br><br>Hearing Date: June 29, 2011<br>Time:  2:30 p.m. (PT)<br>Court:  United States Bankruptcy Court<br>  Courtroom 1645<br>  255 East Temple Street<br>  Los Angeles, California 90012 |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

ALUM (ALBERTA) ULC ("Canadian Landlord"), by and through its undersigned attorneys, hereby files this Limited Objection to the Trustee's[1] Motion to Confirm Sale of Certain Property Free and Clear of All Liens, Claims or Interests (the "Motion") [Docket No. 114]; and in support of this Limited Objection, respectfully represents as follows:

## I.

## PRELIMINARY STATEMENT

The Trustee's Motion for approval of the sale of substantially all of the Debtors' assets should not be approved as currently requested. First, the Trustee has not provided a sufficient basis upon which this Court should approve the proposed allocation of the sales proceeds to United States Aluminum of Canada Limited (the "Canadian Debtor"). The asset sale proceeds should not be released by the Trustee until an appropriate allocation among the Debtors has been approved by the Court. Second, in connection with the sale, the Debtors may not be released from their postpetition lease obligations until all property being sold by the Debtors has been removed from the applicable leased premises. Third, the proceeds from the sale of the tenant's assets located at the Canadian Landlord's premises must be segregated pending resolution of the Canadian Landlord's right to distrain, i.e., seize and sell, such assets.

## II.

## LIMITED OBJECTIONS

**A.  The Asset Sales Proceeds Should Not Be Released Until An Appropriate Allocation Among The Debtors Has Been Approved**

The Trustee seeks entry of an order approving the sale of the assets of all of the Debtors to Buyer based on allegations that:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion and the Trustee's Report (as defined below).

1 - "There was competitive bidding at the [June 21st] auction";

2 - "the bid of Buyer was the <u>highest and best overall bid</u>";

3 - "the sale to Buyer is <u>in the best interest of the estate</u>; and

4,5,6 - "The Trustee believes that the sale of substantially all of the <u>assets of the estate</u> . . ., pursuant to the Bill of Sale, is the best possible means of <u>generating value for the estate</u>; . . . ."

Motion ¶ 7; p. 7 (emphasis added). Thus, the Trustee acted as if there is a <u>single</u> "estate" for all four IAG Debtors and, therefore, disregarded the unique interests of the Canadian Debtor and its creditors. In effect, while a bulk sale of the Debtors' assets might have been in the best interests of <u>all</u> of the Debtors (and the U.S. Debtors' prepetition secured creditors (the "<u>Secured Parties</u>")) were the Debtors substantively consolidated, that is not the case here. Instead, the best asset purchase bid for the Canadian Debtor and its creditors is a bid that <u>maximizes value for the Canadian Debtor's assets</u>, not necessarily for the assets of <u>all</u> of the Debtors.

Having set up a sales process to the Canadian Debtor's disadvantage, the Trustee now compounds that error by proposing an unjustified allocation among the Debtors of sales proceeds from Buyer's bid. Specifically, in his *Report of David A. Gill, Chapter 7 Trustee Re: Allocation of Proceeds of Sale of Certain Property of the Debtors* (the "<u>Trustee's Report</u>") [Docket No. 124], the Trustee recommends that only 5.9% of the sales proceeds be allocated to the Canadian Debtor. In making that recommendation, the Trustee admits a "[d]etermination of the allocation of the net receipts from the Purchase Price between the Sold Assets of the Canadian Debtor and the U.S. Debtors [ ] cannot be established with precision at this time based on established values and probably never [will be established] . . . ." Trustee's Report ¶ 6. Further, the Trustee admits that one of the sources upon which he relies — the Auction itself, and in particular bids for certain individual 'lots' — was not "particularly helpful in attributing a value of the assets to a particular Debtor . . . ." <u>Id.</u> —21. Further, the Trustee fails to provide for copies of all of the bids that included the Canadian Debtor's assets. Consequently, in light of the domination of these cases by the Secured Parties, whose interest is in maximizing the allocation of sales proceeds to the U.S. Debtors, this Court should approach the Trustee's proposed allocation with a skeptical eye.

On its face, there are at least two obvious flaws in the Trustee's allocation approach. The first flaw concerns omitting property originally attributable to the Canadian Debtor's Guelph, Ontario facility. The Trustee acknowledges that in the Continental Appraisal that forms the primary basis for the Trustee's proposed allocation, "1%" of the value for the types of assets sold at the Auction were "attributed to the Guelph, Ontario facility". Trustee's Report ¶ 24. Further, the Trustee states that "the assets had been <u>removed</u> [from the Guelph, Ontario facility] <u>prior</u> to the Auction." <u>Id.</u> ¶ 16 (emphasis added). Nonetheless, although those removed assets belonging to the Canadian Debtor presumably were sold as part of the Auction (albeit, not while located at the Guelph, Ontario facility), that additional 1% was not, <u>but should be</u>, allocated to the Canadian Debtor.[2]

Second, the Trustee's proposed allocation attributes too much value to Intellectual Property sold at the Auction, which the Trustee alleges was not owned by the Canadian Debtor, and, therefore, again understates the value of the Canadian Debtor's assets sold at the Auction. In fact, the Trustee states that the $1.1 million offered at the Auction for just the Intellectual Property "probably exceeds the actual value" <u>Id.</u> at ¶ 21. Similarly, the Trustee states that Intellectual Property valuation "would allocate 13.5% of the [Auction] Purchase Price to IMSG, an amount which <u>I again believe is too high</u>." <u>Id.</u> ¶ 26 (emphasis added). Nonetheless, the Trustee still utilizes that full $1.1 million Intellectual Property value in proposing an allocation of the $8 million Purchase Price. <u>See id.</u> Exhibit A. p. 17 (Trustee's Chart illustrating allocation). Moreover, the Trustee allocates none of such value to the Canadian Debtor even though it is unclear whether or not the Canadian Debtor owned Intellectual Property.[3] Consequently, the Trustee's proposed allocation would penalize the Canadian Debtor and its creditors by at least another 1% of Auction proceeds.

Accordingly, at a minimum, the Canadian Debtor's share of the Auction proceeds should be increased by approximately 2%, to 7.9% rather than 5.9% of the Auction proceeds.

---

[2] Indeed, nowhere in the Motion or the Trustee's Report does the Trustee address which assets each Debtor owns. Instead, the Trustee's allocation is based entirely on the assets' locations.

[3] While the Trustee states "I have no evidence that USAC owned any I/P", the Trustee never states he has evidence the Canadian Debtor did <u>not</u> own Intellectual Property. Trustee's Report ¶ 21.

The Trustee's inattention to the proper sale proceeds allocation is compounded in the Order annexed to the Motion as Exhibit "B" (the "Proposed Sale Order"). Specifically, paragraph 13 of the Proposed Sale Order would release sales proceeds to the Secured Parties without any judicial determination of the appropriate allocation of such proceeds among the Debtors and, therefore, without determination of the amount of sales proceeds allocable to the Secured Parties' collateral. Moreover, contrary to such proposed paragraph 13, this Court has stated that the allocation and timing of the distribution of sales proceeds shall not be governed by the final Cash Collateral Order. Consequently, Auction sales proceeds only should be released after the Court approves a specific allocation among the Debtors.

**B.    The Debtors' Estates Must Remain Responsible For All Lease Obligations Until The Debtors' Property Has Been Removed From The Leased Premises**

Also inappropriate is the portion of paragraph 16 of the Proposed Sale Order that would prematurely release the Debtors from responsibility for leased premises holding the Debtors' assets being sold:

> Buyer shall promptly, and in any event no later than thirty (30) days following the date of the Closing (the "Asset Removal Deadline"), remove the Purchased Assets from any real property constituting Excluded Assets (as defined in the Bill of Sale). <u>In the event that Buyer has not removed all of the Purchased Assets from such real property by the Asset Removal Deadline, then Buyer shall be solely responsible for any and all fees, costs, expenses, liabilities and damages</u> (including, without limitation, any costs and expenses attributable to rent and related expenses for the period of time following the Asset Removal Deadline (regardless of when payment of such rent or related expenses is due pursuant to any applicable lease) and any fees, expenses, liabilities and damages (including, without limitation, any special, consequential, punitive, incidental or indirect damages or losses)) of the Trustee, Debtors, and/or Secured Parties (as defined in the Cash Collateral Order) arising out of, or related to, Buyer's failure to remove the Purchased Assets from all of such real property.

Proposed Sale Order ¶ 16 (emphasis added). The Debtors have no right to compel any landlord to accept the presence of a non-tenant (i.e., Buyer) in premises leased by any Debtor or to shift "sole" liability to Buyer for the presence of the Debtors' assets in those premises after the Asset Removal Deadline (as defined in the Proposed Sale Order). In effect, Buyer may be required to indemnify,

and be made jointly liable with, the Debtors' estates for damages due to Buyer missing the Asset Removal Deadline. Nonetheless, the Debtors may not be released and a landlord should not be compelled to pursue Buyer as being "solely responsible" for any such liability. Indeed, as the Trustee is selling, not abandoning, the property to Buyer, no lease should be deemed rejected unless and until all of the property sold has been <u>removed</u> from the applicable leased premises. Instead, the Trustee should be required to reserve funds to pay for any such contingent liability. Lastly, Buyer should not be granted the right to access the leased premises for any period after the period through which the Trustee has paid rent.

**C.    Sales Proceeds Allocable To The Tenant's Assets Now Located In The Canadian Landlord's Premises Must Be Segregated Pending Resolution Of Landlord's Right To Distrain**

In Ontario, "at common law, a landlord has the right to distrain [<u>i.e.</u>, seize and sell] the [tenant's] goods, chattels and inventory located on the Leased premises, . . . " after [tenant's] rent default. 2011 Annotated Ontario Personal Property Security Act p. 78. In British Columbia, "[t]he concept of distress is simple: a landlord may seize goods of the tenant, . . . , found on the tenant's premises to satisfy unpaid rent." A Commercial Tenancy Handbook, R. Olson p. 8-1. "Distress is a remedy which is an incident of the relationship between landlord and tenant." <u>Id</u>. Thus, the Proposed Order and the related sale of the Canadian Debtor's assets should not prejudice the Canadian Landlord's right to distrain, which will be settled or adjudicated at a later date. Until the Canadian Landlord's rights in the Canadian Debtor's property stored in the Canadian Landlord's premises are resolved, the sales proceeds allocable to such property should be segregated and reserved as cash collateral.

# III.

# CONCLUSION

WHEREFORE Canadian Landlord respectfully requests that this Court: (a) approve the Motion only on terms consistent with this limited objection; and (b) grant Canadian Landlord such other and further relief as this Court deems appropriate.

Dated: June 28, 2011                    Respectfully submitted,

                                                    REED SMITH LLP

                                                  By:    /s/ Christopher O. Rivas
                                                      Marsha A. Houston
                                                      Christopher O. Rivas
                                                     REED SMITH LLP
                                                   355 South Grand Avenue, Suite 2900
                                                   Los Angeles, CA 90071
                                                   Tel: (213) 457-8000 / Fax: (213) 457-8080

                                                         -and-

                                                   Alan J. Lipkin, Esq.
                                                   Andrew E. Schwartz, Esq.
                                                   WILLKIE FARR & GALLAGHER LLP
                                                   787 Seventh Avenue
                                                   New York, New York 10019
                                                   Tel: (212) 728-8000 / Fax: (212) 728-8111

                                                 Attorneys for ALUM (ALBERTA) ULC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 355 S. Grand Ave., Suite 2900, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as **LIMITED OBJECTION OF ALUM (ALBERTA) ULC TO TRUSTEE'S MOTION TO CONFIRM SALE OF CERTAIN PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS OR INTERESTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *6/28/11*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *6/28/11,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Richard M. Neiter
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1652 / Courtroom 1645
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/28/11 | Gilda Anderson | /s/ Gilda Anderson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

6763943.1

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Natalia N Bautista on behalf of Creditor Teamsters Miscellaneous Security Trust Fund and Teamsters Death Benefit Trust Fund c/o Natalia Bautista, Esq. Reich, Adell & Cvitan
nataliab@rac-law.com

Erin N Brady on behalf of Creditor Royal Plastics Group (USA) Ltd.
enbrady@jonesday.com

Deana M Brown on behalf of Broker Canadian Imperial Bank of Commerce, as Agent
dbrown@milbank.com

Richard K Diamond on behalf of Interested Party Courtesy NEF
rdiamond@dgdk.com

John P Dillman on behalf of Creditor Cypress Fairbanks ISD
houston_bankruptcy@publicans.com

Robert K Edmunds on behalf of Creditor Houghton Metal Finishing Company
robert.edmunds@bipc.com, timothy.palmer@bipc.com;karolin.sickles@bipc.com

David A Gill (TR)
mlr@dgdk.com, dgill@ecf.epiqsystems.com

Eric D Goldberg on behalf of Debtor International Architectural Group, LLC
egoldberg@stutman.com

Jay W Hurst on behalf of Interested Party Texas Commission on Environmental Quality
jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us

Robert B Kaplan on behalf of Interested Party Wells Fargo Bank, N.A. as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC20, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC20
rbk@jmbm.com

Jordan D Mazur on behalf of Creditor District Council 16, International Union of Painters and Allied Trades
bankruptcycourtnotices@unioncounsel.net

Robert D Nachman on behalf of Interested Party Courtesy NEF
robert.nachman@bfkn.com

Shai S Oved on behalf of Interested Party Nathan's Glass and Mirror, Inc.
ssoesq@aol.com

Christian L Raisner on behalf of Creditor District Council 16, International Union of Painters and Allied Trades
bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor Alum (Alberta) ULC
crivas@reedsmith.com

Steven J Schwartz on behalf of Trustee David Gill (TR)
sschwartz@dgdk.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Rusal America Corp.
avaldez@fulbright.com

Richard J Wallace on behalf of Creditor Equipment Depot, Ltd.
richard.wallace@solidcounsel.com

III. **SERVED WITHIN 24 HOURS OF FILING BY PERSONAL DELIVERY**

Honorable Richard M. Neiter
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1652 / Courtroom 1645
Los Angeles, CA 90012

Office of the United States Trustee
725 South Figueroa St # 2600
Los Angeles, CA 90017-5413

III. **SERVED BY EMAIL**

nataliab@rac-law.com
enbrady@jonesday.com
dbrown@milbank.com
rdiamond@dgdk.com
houston_bankruptcy@publicans.com
robert.edmunds@bipc.com
timothy.palmer@bipc.com
karolin.sickles@bipc.com
mlr@dgdk.com
dgill@ecf.epiqsystems.com
egoldberg@stutman.com
jay.hurst@oag.state.tx.us
sherri.simpson@oag.state.tx.us
rbk@jmbm.com
bankruptcycourtnotices@unioncounsel.net
robert.nachman@bfkn.com
ssoesq@aol.com
craisner@unioncounsel.net
sschwartz@dgdk.com
avaldez@fulbright.com
richard.wallace@solidcounsel.com
dgill@dgdk.com
gbray@milbank.com
ayoung@milbank.com
dglowitz@milbank.com
gbray@milbank.com
skhalil@milbank.com
nminihane@turnworksllc.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6763943.1

| | |
|---|---|
| 1 | swolf@hilcoind.com |
| | jmalfitano@hilcotrading.com |
| 2 | bbonham@hilcoind.com |
| | RPerez@hilcorealestate.com |
| 3 | gschain@counselrb.com |
| | areich@counselrb.com |
| 4 | ericnycreditinc@yahoo.com |
| | b.davis@focusmg.com |
| 5 | r.riiska@focusmg.com |
| | Howard.Grobstein@crowehorwath.com |
| 6 | Joshua.Teeple@crowehorwath.com |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6763943.1

PROOF OF SERVICE