FILED & ENTERED

APR 04 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY schramm DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

INTERNATIONAL ARCHITECTURAL GROUP, LLC,

Debtor.

Case No.: 2:11-bk-30486-RN
Case No.: 2:11-bk-30496-RN
Case No.: 2:11-bk-30504-RN
Case No.: 2:11-bk-30507-RN

Chapter 7

Jointly Administered Case

**MEMORANDUM OF DECISION REGARDING DISTRICT COURT'S REQUEST FOR BANKRUPTCY COURT OPINION ON JURISDICTION**

**INTRODUCTION**

This matter came to the attention of this Court in the "Memorandum of Points and Authorities From Interested Party Friedman Corporation in Response to District Court's Request for Bankruptcy Court Opinion on Jurisdiction" (the "Memorandum") filed on February 10, 2012. According to the Memorandum, a case entitled Friedman Corporation v. Universal Molding Co., et.al., Case No. CV 11-10361 MMM (AJWx) (the "District Court Case") is currently pending in the United States District Court for the Central District of California (the "District Court"). Interested party Friedman Corporation ("Friedman") filed the Memorandum apparently in response to a request by the District

Court for this Bankruptcy Court to provide an opinion concerning the Bankruptcy Court's jurisdiction over the District Court Case.

**FACTUAL AND PROCEDURAL BACKGROUND AS ALLEGED IN THE MEMORANDUM**

International Architectural Group, LLC ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 11, 2011. On the same day, David Gill (the "Trustee") was appointed as the Chapter 7 Trustee for Debtor. Friedman apparently develops, maintains, and licenses software for the window, door, cabinet, and furniture industries (the "Software").

On December 29, 1997, Friedman entered a license agreement with Debtor by which Debtor, for a fee, received the right to use Friedman's proprietary and copyrighted Software (the "License"). The License was amended twice since then to add or delete products and to extend the term. Motion at ¶ 4; License and Addenda at Ex. 1. It appears that the License originally covered a term of fifty years and the License was valid at the commencement of the instant bankruptcy case.

On June 29, 2011, the Trustee conducted an auction for the sale of most of Debtors' assets. Universal Molding Company, Inc. (the "Buyer") was the successful bidder at the auction. This Bankruptcy Court entered an order on June 30, 2011 (the "Order") approving the sale to the Buyer. In addition to memorializing the terms of the sale, the Order provided, "This Court shall retain jurisdiction to enforce, interpret and implement the terms of the Bill of Sale and each of the documents and instruments executed in connection therewith and with this Order." Order at ¶ 23.

On December 15, 2011, Friedman filed a complaint against the Buyer and other affiliated entities in the District Court. The complaint alleged copyright infringement and other causes of action arising out of the Buyer's illegal use of the Software subject to the License (hereinafter, the "Copyright Lawsuit").

In the memorandum Friedman states that the District Court requested this Bankruptcy Court's opinion on whether Paragraph 23 of the Order requires that the Copyright Lawsuit be decided by this Bankruptcy Court. On February 10, 2012, Friedman filed the Memorandum in which Friedman requested that this Bankruptcy Court deny jurisdiction over the Copyright Lawsuit and instruct the District Court to proceed with the Copyright Lawsuit.

**DISCUSSION**

Article III of the United States Constitution defines the jurisdiction of federal courts. "[I]t is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" *Flast v. Cohen,* 392 U.S. 83, 96 (1968) (citing C. Wright, Federal Courts 34 (1963)). Under the doctrine of justiciability, federal courts' judicial power is restricted to "cases" and "controversies." *Id.* at 94; *see also In re Family Health Services, Inc.*, 130 B.R. 314, 317 (B.A.P. 9th Cir. 1991).

Pursuant to 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." Core proceedings include matters concerning the administration of the estate and orders approving the sale of property of the Debtor's estate other than property resulting from claims brought by the estate against persons who have not filed claims against the estate. 28 U.S.C. § 157.

Here, Friedman or any other interested party can move this Bankruptcy Court to determine whether the License was property of the Debtor's estate that was included in the § 363 sale approved by this Bankruptcy Court's Order. Such a motion would constitute a core proceeding that concerns the administration of the property of the estate. However, Friedman has not moved the Court for such a determination. Instead, Friedman's Memorandum requests that this Bankruptcy Court deny jurisdiction over the Copyright Lawsuit and instruct the District Court to decide the case, which is something this Bankruptcy Court cannot do. The Court cannot give an advisory opinion on jurisdiction, nor can it instruct the District Court to decide the case.

Friedman has not presented a case or controversy for this Bankruptcy Court to decide. Friedman filed its Memorandum asserting that this Bankruptcy Court does not have jurisdiction over the Copyright Lawsuit. However, the Memorandum did not take the form of a motion for a determination by this Court. The matter was not set for hearing. Nor does the matter arise in an adversary proceeding pending before this Bankruptcy Court. The issue arises in the District Court between two entities that are not parties to any case before this Bankruptcy Court. Therefore, the

Memorandum, on its own, does not present a case or controversy for this Bankruptcy Court to determine. Accordingly, it is not proper for this Bankruptcy Court to issue an advisory opinion regarding its jurisdiction over the Copyright Lawsuit.

**CONCLUSION**

For the above mentioned reasons, this Court denies Friedman's request that it give an opinion regarding its jurisdiction over the District Court Case.

###

DATED: April 4, 2012

United States Bankruptcy Judge

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF DECISION** was entered on the date indicated on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Natalia N Bautista nataliab@rac-law.com
- Erin N Brady enbrady@jonesday.com
- Jeffrey W Broker jbroker@brokerlaw.biz
- Deana M Brown dbrown@milbank.com
- John P Byrne John.Byrne@byrnelaw.biz
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com;DanningGill@gmail.com
- Jennifer Witherell Crastz jcrastz@hemar-rousso.com
- Ashleigh A Danker adanker@kayescholer.com
- Nicolas De Lancie nde@jmbm.com
- Richard K Diamond rdiamond@dgdk.com, DanningGill@gmail.com
- John P Dillman houston_bankruptcy@publicans.com
- Robert K Edmunds robert.edmunds@bipc.com, timothy.palmer@bipc.com;karolin.sickles@bipc.com;donna.curcio@bipc.com;robin.robbins@bipc.com
- Wayne S Flick wayne.s.flick@lw.com, colleen.rico@lw.com;irene.landeros@lw.com
- William A Frazell bk-bfrazell@oag.state.tx.us
- Jerome Bennett Friedman jfriedman@jbflawfirm.com, bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com
- David A Gill (TR) mlr@dgdk.com, dgill@ecf.epiqsystems.com;DanningGill@Gmail.com
- Barry S Glaser bglaser@swjlaw.com
- Eric D Goldberg egoldberg@stutman.com
- Kenneth C Greene kgreene@hamricklaw.com, amakhanian@hamricklaw.com;imainster@hamricklaw.com;rabernathy@hamricklaw.com
- Robert A Hessling rhessling@dgdk.com, DanningGill@gmail.com
- Jay W Hurst jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Robert B Kaplan rbk@jmbm.com
- Raffi Khatchadourian raffi@hemar-rousso.com
- Jordan D Mazur jmazur@unioncounsel.net
- Kelly L Morrison kelly.l.morrison@usdoj.gov
- Robert D Nachman robert.nachman@bfkn.com
- Shai S Oved ssoesq@aol.com
- Michael T Quinn mquinn@ssllplaw.com
- Christian L Raisner bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Nikhila Raj nraj@fulbright.com
- Matthew J Riopelle mriopelle@foley.com
- Christopher O Rivas crivas@reedsmith.com
- Steven J Schwartz sschwartz@dgdk.com, DanningGill@gmail.com
- Sung E Shim sshim@katzoffriggs.com
- Edward J Tredinnick etredinnick@greeneradovsky.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Andrea M Valdez avaldez@fulbright.com
- Richard J Wallace richard.wallace@solidcounsel.com
- Gilbert B Weisman notices@becket-lee.com

- Elizabeth Weller dallas.bankruptcy@publicans.com
- Kimberly S Winick kwinick@clarktrev.com
- Amelia M Yurch vbeckel@wpwlaw.com
- Martin S Zohn mzohn@proskauer.com

**SERVED BY THE COURT VIA U.S. MAIL:**

Tyler P Berding
Berding Weil LLP
3240 Stone Valley Rd West
Alamo, CA 94507

Danning Gill Diamond & Kollitz LLP
2029 Century Park East Third Floor
Los Angeles, CA 90067-2904

Richard H Glucksman
Chapman Glucksman Dean Roeb & Barger LLP
11900 W Olympic Blvd Ste 800
Los Angeles, CA 90064-0704

Howard B Grobstein
Crowe Horwath LLP
15233 Ventura Blvd 9th Floor
Sherman Oaks, CA 91403

Jackson W Isaacs
401 B St Ste 1470
San Diego, CA 92101

Kevin Meek
Danning Gill Diamond and Kollitz
1900 Ave of the Stars 11th Fl
Los Angeles, CA 90067
kevinmeek32@gmail.com

Neil Minihane
Turn Works LLC
P.O. Box 60213
Colorado Springs, CO 80906-0213

Martin L Pitha
Smith Lillis Pitha LLP
18201 Von Karman Ave Ste 1080
Irvine, CA 92612

Martin L Pitha
Smith Lillis Pitha LLP
18201 Von Koarman Ave Ste 1080
Irvine, CA 92612

Jordan A Rodman
Daniel Crowley & Assoc
37 Old Courthouse Square Ste 200
Santa Rosa, CA 95403

Michael A Taitelman
1901 Ave Of The Stars Ste 500
Los Angeles, CA 90067